U.S. DIST. COURT EAST DIST. WISC
RECEIVED

JUN 1 6 2016

AT_____O'CLOCK_____M
JON W. SANFILIPPO, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         Case No. 14-CR-179

TRACY   SCHULTZ,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Mario F. Gonzales, Assistant United States Attorney, and the defendant, Tracey A. Schultz, individually and by attorney Patrick Cafferty, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a one count indictment which alleges violations of Title21, United States Code, Sections 841 (a)(1), (b)(1)(C) and 846.

3.      The defendant has read and fully understands the charge contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.      The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES:**

Between approximately January 1, 2011, and September 4, 2013, in the State and Eastern District of Wisconsin,

> EMELINDA R. TORRES, aka "China,"
> EDWIN MARTINEZ, aka "Papi-C,"
> EVELEYN A. MARTINEZ-ORTIZ, aka "Chili,"
> HECTOR R. RODRIGUEZ, aka "Indio,"
> ALEXANDER W. NOVAK,
> CESAR L. ARENAS,
> LISA M. LUBNER,
> TRACY A. SCHULTZ,
> JOSE R. NIEVES, aka "Papo Peca,"
> ORLANDO R. BORGES, aka "Sammy,"
> LUIS A. CALDERON-OSORI, aka Angel Calderon, aka "Bebo,"
> ANGEL L. CRUZ, aka "Wigi,"
> JOSE A. BURGOS,

knowingly and intentionally conspired with each other, and with other people, to distribute a mixture and substance containing heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.

The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. Following a joint investigation involving the United States Department of Justice, the FBI, the Milwaukee HIDTA Drug Gang Task Force, and the Milwaukee Police Department (MPD), law enforcement agents began an investigation into the drug trafficking activities of Victor REYES and others. Collectively, these individuals are members of the "Victor REYES Drug Trafficking Organization" (DTO), which distributes cocaine, heroin and marijuana in and

2

around the metropolitan area of Milwaukee, Wisconsin. Case agents are aware Victor REYES and his brothers, Praxedes REYES-BURGOS, and Geraldo REYES, procure and establish shipments of kilogram quantities of cocaine, heroin and pounds of marijuana from unknown sources of supply located in Chicago, Illinois and Florida. Geraldo REYES and Victor REYES have been large scale drug traffickers in the Milwaukee area since the late 1990's. The Victor REYES DTO supplies narcotics to several different organizations on the south and north sides of Milwaukee to include Spanish Cobra gang members, Latin King gang members, and others not specifically associated with any type of street gang. During the course of the investigation federal law enforcement agents obtained several federal wiretaps of the telephone of Praxedes REYES-BURGOS, during May, June and August of 2013.

Tracy SCHULTZ worked with LUBNER in obtaining heroin for use and redistribution from the REYES DTO. SCHULTZ and Lubner has approximately 87 calls to/from Praxedes Reyes-Burgos 414-400-XXXX number. Some of the pertinent calls identify Lubner as a distributor of heroin, some identified SHULTZ as arranging the the purchase of heroin. During the wire, SCHULTZ and Lubner were directed to pick up heroin from Jesus Oquendo.

An example of a typical drug related call occurred on May 23, 2013, at about 5:37 pm PRAXEDES received an incoming call on a federally monitored telephone from Tracy SCHULTZ using Lubners phone. SCHULTZ tells PRAXEDES that he need "half a chicken," SCHULTZ is then directed to Jesus OQUENDO for delivery. PRAXEDES REUES later received an incoming call on a federally monitored telephone from Jesus OQUENDO aka "Bobby" on May 23, 2013, at about 5:44 pm OQUENDO told REYES-BURGOS to call Lisa as she is not at 12th and Rogers. LUBNER had called REYES-BURGOS earlier in the day indicating that she needed some heroin. On May 23, 2013, at about 5:48 pm REYES-BURGOS contacted LUBNER who indicated that she

3

just meet with Bobby. Case agents would testify that during these recorded conversations, LUBNER contacted REYES-BURGOS looking for heroin and was directed to meet with OQUENDO for delivery. PRAXEDES REYES-BURGOS would testify that during the course of the conspiracy that he or his associates supplied LUBNER with between sixty and eighty grams of heroin for distribution.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

5. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: count one, twenty years imprisonment and $1,000,000. The count also carries a mandatory special assessment of $100, at least three years of supervised release, and a maximum of life of supervised release.

6. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that the defendant may qualify as a career offender under the sentencing guidelines.

## ELEMENTS

7. The parties understand and agree that in order to sustain the charge of Conspiracy to Distribute Heroin as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the alleged conspiracy existed; and

Second, that the defendant knowingly and willingly became a member of the conspiracy with the intent to further the conspiracy.

4

## SENTENCING PROVISIONS

8.　The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9.　The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10.　The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 5. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11.　The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

5

12. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

13. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

14. The parties acknowledge and understand that the government will recommend to the sentencing court that the relevant conduct attributable to the defendant is at least 60 but less than 80 grams of a mixture and substance containing heroin, a Schedule I controlled substance.

## Base Offense Level

15. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 20 under United States Sentencing Guidelines Manual § 2D1.1 (c )(10).

6

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

## Court's Determinations at Sentencing

7

19. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

20. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

21. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

22. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision. The defendant acknowledges and agrees that, while he is on supervision, the Probation Department and FLU can exchange financial information

8

pertaining to the defendant in order to facilitate collection of any fine or restitution ordered by the court as part of the sentence in this case.

## Fine

23.     The parties agree to recommend   to the sentencing court that a nominal fine consistent with the defendant's ability to pay   be imposed against the defendant.

## Special Assessment

24.     The defendant agrees to pay the special assessment in the amount of $100   prior to or at the time of sentencing.

## Forfeiture

25.     The defendant agrees that all properties listed in the indictment, information and/or bill of particulars constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense . The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S COOPERATION

26.     The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that the defendant has provided substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, will recommend a downward departure from: (a) the applicable

9

sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The

defendant acknowledges and understands that the court will make its own determination regarding

the appropriateness and extent to which such cooperation should affect the sentence.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so

that he could decline to testify and no inference of guilt could be drawn

10

from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

11

### Further Civil or Administrative Action

31. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

12

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36.     The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

13

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6-16-16

TRACY A. SCHULTZ
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 6/16/16

PATRICK CAFFERTY
Attorney for Defendant

For the United States of America:

Date: 6/16/16

GREGORY J. HAANSTAD
United States Attorney

Date: 6/16/16

MARIO F. GONZALES
Assistant United States Attorney

14